# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3638

_____

Robert Ray Young,

           Appellant,

v.

Tina Jackson, Manager of Appletree
Apartments, et al.,

           Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*      [UNPUBLISHED]
\*
\*

_____

Submitted: March 25, 2011
Filed: May 9, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Robert Young, a tenant receiving rent subsidies under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601 *et seq.*, commenced this *pro se* civil action against the manager and assistant manager of Appletree Apartments alleging breach of contract, "criminal assault," and discrimination and retaliation violations of Title VI of the Civil Rights Act, the Equal Credit Opportunity Act, the FHA, the Rehabilitation Act of 1973, 42 U.S.C. § 1981, and the U.S. Constitution. After defendants answered and

Young filed numerous motions, the district court[1] dismissed the complaint with prejudice, concluding that its conclusory allegations and unadorned accusations failed to plead "enough facts to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

With one exception, we agree that Young's complaint failed to state plausible claims for relief. The exception is a claim of FHA retaliation not addressed in the district court's Order. Young alleged that he filed a complaint with the U.S. Department of Housing and Urban Development when Appletree's manager persisted in eviction proceedings against Young after he presented documents confirming his rent subsidies. Notified of the complaint, the assistant manager angrily threw the complaint papers at Young, hitting him in the chest, and the manager issued another eviction notice. In our view, these allegations "nudged" Young's retaliation claim into the realm of factual plausibility. Iqbal, 129 S. Ct. at 1951. However, by reason of the extensive motion practice that preceded defendants' motion to dismiss, the record in the district court and on appeal includes a state court Judgment for Rent and Possession, entered after a hearing attended by Young's attorney, which upheld Young's eviction and entered a money judgment in favor of Appletree Apartments. The Judgment is dated December 28, 2009, some two months after Young filed his complaint but months before the district court granted the motion to dismiss. As Young's claim of retaliation in violation of the FHA must be based upon his eviction from subsidized housing, the preclusory effect of this state court Judgment establishes that the district court properly dismissed the retaliation claim for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(i).

The judgment of the district court is affirmed.

—————————————————

—————————————————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.